140085 for the appellant, Janine Terrence for the appellee, Linda McClain, Ms. Terrence. May it please the court, good afternoon. Good afternoon. I am Janine Terrence with the Fourth District Office of the State Appellate Defender, and I'm here on behalf of Mr. Smith in his appeal of a second stage dismissal of a post-conviction petition following the withdrawal of post-conviction counsel. Excuse me, that's just a recording, it's not an amplifier, so you have to keep your voice up a little bit. I apologize. Because the trial court improperly allowed appointed post-conviction counsel to withdraw, we ask this court to vacate the dismissal of that petition and remand for appointment of new post-conviction counsel and further post-conviction proceedings. Mr. Smith filed a pro se post-conviction petition alleging, in part, that the prosecutor had an earlier proceeding, threatened to get him at all costs, and had been seen in the presence of the jurors coming back into the courtroom following deliberations. Within 60 days, the trial court implicitly made an assessment that the petition presented a just constitutional claim and appointed Daniel Fulks to represent Mr. Smith. Within 30 days, the state filed a motion to dismiss, and three years thereafter, Mr. Fulks filed a motion to withdraw. The issue before the court today is the sufficiency of Mr. Fulks' motion to withdraw. The Supreme Court in People v. Cooner provided that once affirmative judicial action has been taken to advance a petition to the second stage and to appoint counsel, appointed counsel's motion to withdraw is an extraordinary request. Accordingly, counsel must explain why each and every allegation of the petitioner is in fact frivolous and patently without merit. Here, the trial court took affirmative judicial action, moved the petition to the second stage, and appointed counsel. Thus, when Mr. Fulks moved to withdraw, he made an extraordinary request that was tantamount to a motion to reconsider the trial court's ruling. Counsel was required to explain, not conclude, but to explain why each of those allegations were in fact frivolous and patently without merit. In other words, counsel was required to show that the trial court's initial assessment was incorrect, bring to the trial court's attention information that was not presented on the face of the pro se petition at the time that that assessment was made. Because he failed to do so, the motion should have never been granted. The Illinois Supreme Court has provided that Rule 651c allows appointed counsel to withdraw where the petition is not grounded in well-pleaded facts or warranted by the law. Here, Mr. Fulks failed to explain why at least two of Mr. Smith's claims were not grounded in well-pleaded facts or warranted by the Constitution. First, counsel failed to explain why Mr. Smith's allegations that the prosecutor had threatened to get him at all costs was in fact frivolous. He argued that the prosecutor failed to exhibit any biased behavior during the trial proceedings. However, the argument simply failed to explain why a threat to get Mr. Smith at all costs was not a well-pleaded fact where it was supported by an affidavit or that the allegation in and of itself could not constitute a constitutional claim. Mr. Smith's allegation that the prosecutor threatened to get him at all costs was well-pleaded. He supported those factual statements of the threat by an affidavit and it would warrant relief under the Constitution if it were in fact true and could be proven because prosecutor bias can be an indication of a due process violation. How does that work? I thought prosecutors were always biased against the people they're prosecuting. If they're biased beyond what's acceptable to the point that there is an unfair... I'm glad that wasn't the standard 40 years ago. I don't think I ever could have met it. What's biased beyond what's acceptable? What does that even mean? When the prosecutor is performing their duty appropriately on behalf of the people of the state of Illinois... I really don't like that guy. He's a miserable scumbag and I want to put him in prison for all the bad things he did. That may be an indication of something more. What would that be? I'm not even sure I understand. What is the something more that would somehow be improper? I am not sure and we don't have proof of that. And counsel below didn't explain why that wasn't sufficient and that's the problem. It was counsel's duty to explain that this wasn't a sufficient claim and then we wouldn't be here today. Secondly, post-conviction counsel's entire argument failed to explain, analyze, or even suggest... why Mr. Smith's claim that the prosecutor tampered with the jury was frivolous. Counsel simply concluded that there was no evidence to support the allegation that the prosecutor interacted... But what else is counsel supposed to say? If there's no evidence to support it, what else is there to say? I don't quite follow that. Well, this is a responsibility that the court has placed on counsel. Counsel's duty at that second stage is simply to make the necessary amendments to these allegations to properly present them to the court. Counsel's duty is not to make an assessment on whether this claim will be successful. If there is nothing to rebut this claim in the record, it's a claim that's warranted under the law, counsel has to perform their duty. If there is a situation where counsel feels ethically compelled to withdraw, counsel then has to explain why. Well, counsel didn't do that in the motion to withdraw. It was a rather lengthy motion. It was a lengthy motion. Counsel spent a great deal of time discussing the facts of the case. Counsel did present sufficient argument with regard to... Well, let me suspend that and then you can comment. Why isn't, with that lengthy motion and with the time that counsel put in explaining sufficient facts, why isn't that evidence that counsel was very familiar with the record, therefore he had reviewed the record, and inferentially would have made any amendments that were necessary for the petition itself? Yes, counsel should have made those amendments being familiar with the record, or given an explanation for why amendments couldn't be made. Well, if counsel says there's no evidence to support these allegations, I'm just trying to work with you here and struggle with this a little bit. I just don't know what counsel's supposed to say. If there is no evidence in the record, how do you explain how there's no evidence in the record? It's like, I don't know, proving a negative or something? Well, the failure to substantiate defendant's allegations has never been the standard by which to judge the viability of the claim. Again, there is a claim. It's not rebutted by the record. It's left to the evidentiary stage, if it survives that motion to dismiss, for there to be the evidence to make a determination of whether or not this is indeed a sufficient claim that warrants relief. We're at a stage where all counsel has to do is present the claim or withdraw. And if counsel chooses to withdraw at this stage, counsel has that duty to explain the reasons, the rationale for the withdrawal. And here, counsel only made conclusions as to why he felt it necessary to withdraw. At least with regard to these two allegations. Did the court-appointed counsel file a 651C certificate in this case? Yes. As I recall, there was a 651C certificate filed, or there was sufficient information in the record to suggest that counsel did indeed speak with the defendant? Well, he may have spoken with him, but he filed a certificate. And he reviewed the record. But, honestly, I cannot recall specifically whether there was a 651C. Well, if they failed to do that, wouldn't that be enough basis to demand for compliance with that rule, leaving aside everything else? If there is substantial compliance shown in the record that the 651 requirements were met, then it wouldn't be a ground to ask this court to send it back. Well, but that's if the certificate were filed. The question is, was it substantially in compliance with the rule? Well, but if no certificate were filed, how could we have substantial compliance? Because the record reveals that he did indeed discuss the matter with the defendant. So we can conclude even though no certificate was filed? I'm sorry, I misunderstand you. If there was some musing about it between the court and counsel, perhaps, that would be adequate in the absence of a certificate? You're the judge. I'm always looking for guidance, counsel, on what the rules are. Counsel, the case law does say that a 651C certificate does not have to be filed if it can be gleaned that the rule was complied with. Yes, that's my impression of the interpretation of Rule 651C, is that if the record shows substantial compliance, then a certificate doesn't necessarily have to be filed. In conclusion, the motion to withdraw should not have been allowed by the trial court, where post-conviction counsel simply failed to explain why each and every allegation presented by Mr. Smith was in fact frivolous and patently without merit, given that there was that initial assessment that advanced this case to the second stage. Thank you. Okay, thank you. You will have rebuttal, Ms. McClain. May it please the court? Under Cooner, the motion to withdraw by appointed post-conviction counsel must contain at least some explanation as to why all of the claims set forth in the petition are so lacking in legal and factual support as to compel complete withdrawal from the case. In Cooner, in particular, the defense counsel's motion did not mention one of the claims at all, let alone explain why it was lacking in legal and factual support. In this case, on the other hand, the pro se petition by defendant alleged that the judge allowed the prosecutor to interact with the jurors during deliberations where the judge and the prosecutor entered the courtroom, followed by the bailiff and the jurors. Defendant alleged that this claim was supported and all of these claims were supported by the transcript. In the motion to withdraw, appointed post-conviction counsel stated that there was no evidence to support this allegation that the prosecutor interacted with the jurors during deliberations. The state is maintaining that that was a sufficient response and complied with Cooner. In this case, as post-conviction counsel stated, there was no evidence to support the allegation that the prosecutor actually interacted with the jurors. The fact that the prosecutor and the judge entered the courtroom, followed by the jury, does not mean that they interacted. And the defendant was trying to make that jump from the fact that they followed each other into the courtroom to his conclusion that they actually interacted. And the post-conviction counsel said that there's no evidence that they interacted and that's what we have. Post-conviction counsel was not required to amend a petition, defendant's petition, in an effort to state matters not in existence or that were unsupported by the record. Appointed counsel has no obligation to engage in a general fishing expedition in support of defendant's claims. So the state maintains that the appointed counsel's motion to withdraw was adequate under Cooner and there was nothing more he could say. Unless he went through and made the actual argument I just stated, the fact that the judge and the prosecutor entered the courtroom, followed by the jury, does not equal that they interacted. Unless he stated that, I'm not sure what more he could have stated in his motion to withdraw. So we're arguing that they comply with Cooner. Okay, thank you. Thank you. Ms. McLean, is there any rebuttal? Cooner requires an explanation, not a conclusion. And here, counsel was either required to amend the petition and present the claims adequately or explain why he could not do so. He needed to rebut the allegations that were made. If there is nothing on the record that can rebut those allegations, then counsel is taxed with the duty and responsibilities to represent that claim. An explanation is not a conclusion. The failure to substantiate a claim is not the standard by which to allow the withdrawal. Counsel can withdraw if the petition is not grounded in well-pleaded facts and doesn't support a constitutional claim. Counsel neither explained or even suggested either of those proponents weren't met. And because counsel failed in that duty, I ask this court to vacate the dismissal of that petition and remand this case back to the trial court for further dismissal proceedings. Okay. Thank you. The case is submitted and the court will stand in recess.